## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

COYANTE JACOY WILLIAMS,     )
         )
    Petitioner,         )
         )
v.         )     Case No. CIV-26-199-SLP
         )
STATE OF OKLAHOMA,     )
         )
    Respondent.         )

## **O R D E R**

Petitioner, a state prisoner appearing pro se, filed a Petition for a Writ of Habeus Corpus [Doc. No. 1], pursuant to 28 U.S.C. § 2254.  On February 20, 2026, United States Magistrate Judge Chris M. Stephens entered a Report and Recommendation recommending the Court dismiss the Petition for failure to exhaust state court remedies. [Doc. No. 4] at 5–6.

Petitioner was advised that he could object to the R&R on or before March 13, 2026, and that failure to timely object could result in the waiver of his right to appellate review of the factual and legal issues raised.  To date, Petitioner has not filed an objection to the R&R, nor has he sought an additional extension of time.  Upon review, the Court concurs with the analysis set forth in the R&R.

IT IS THEREFORE ORDERED that the R&R [Doc. No. 4] is ADOPTED in its entirety, and this matter is DISMISSED WITHOUT PREJUDICE.  A separate Judgment of Dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists would not debate the correctness of the Court's determination.  The Court therefore denies a COA.

IT IS SO ORDERED this 20th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

2